IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL WHITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| CITY OF ST. LOUIS | ) | JURY DEMAND |
| OFFICE ADAM FEAMAN, individually | ) | |
| and officially, of the St. Louis Police | ) | |
| Department | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Jamal White, by and through his attorneys, The Legal Solution Group, LLC and Kingdom Litigators, Inc.  A Public Interest Law Firm and complaining of the Defendants, City of St. Louis a municipal corporation, Adam Feaman and each of them and in the alternative, states the following:

## PARTIES  AND JURISDICTION

1. Federal jurisdiction is proper pursuant to 28 U.S.C. §1331 because of Plaintiff's claimed constitutional violations pursuant to 42 U.S.C. §1983 against Defendant (Adam Feaman).

2. Venue in the Eastern District of Missouri- Eastern Division is proper pursuant to 28 U.S.C. §1391 because the August 14, 2017 incident described herein occurred within this district and all defendants reside within this district.

3. Plaintiff, Jamal White is, and at times relevant was, a citizen of the United States and a resident of St. Louis, Missouri.

4. Defendant, City of St. Louis is a municipal corporation in the state of Missouri.

5. Defendant, Adam Feaman, is a sworn police officer in the St. Louis Metropolitan Police Department. Upon information and belief, the he resides within this federal district.

# FACTS

6. At all times relevant, Defendant, CITY OF ST. LOUIS, employed Defendant ADAM FEAMAN (hereinafter "Defendant Adam Feaman") as a patrol officer.

7. On or about August 14, 2016, Defendant Adam Feaman sought to place the Plaintiff under arrest by using deadly force caught on video by a citizen bystander.

8. Defendant, City of St. Louis, through its Police Departments has a standing general order ("Order") attached as Exhibit A. At all relevant times the Order provided that:

> ***Deadly Force-*** **is any use of force that is likely to cause seriously physical harm….it [] includes strikes with a weapon to the following areas:**
>
> a. Head, to include the cranium and face;
> b. Neck;
> c. Internal organs;
> d. Genitalia; and
> e. Spinal column.
> *See:* Order No. Section II of SO-1-01 (A) (1); also Order No. Section V of SO 1-01.

9. Defendant, City of St. Louis, by and through its police department's order (Exhibit A) further provides:

> **Deadly force may be used in the performance of police duty under the following circumstance:**
>
> 1. To protect the officer or others from what is reasonably believed to be an immediate threat of death of serious physical harm;
> 2. When reasonably necessary to prevent the escape of a person when ALL of the following apply:
> a. the officer has probable cause to believe that the person committed a felony involving the infliction or attempted infliction of serious physical harm; AND
>
> b. the officer reasonably believes that the person is armed with a firearm or other item which can cause death; AND
> c. the officer has probable cause believe that the person poses a significant threat to human life should escape occur.
> *See:* SO-1-01 Sec. II (B) (1-2).
>
> **Restrictions on NON-DEADLY FORCE**
> (2). Flashlights may not be used as impact weapons.
>    *See:* Order No. Section III of SO 1-01 (D) (2).

2

10. On August 14, 2017, Plaintiff did not have a firearm on his person, and did not present any physical threat to the Defendant.

11. At all times relevant, the Defendant became enraged at the Plaintiff and used deadly force to punish the Plaintiff.

12. As the Plaintiff was moving backward, Plaintiff also continued to question his impending arrested.

13. The Defendant Police Officer became so enraged, he used his flashlight to strike and *literally* crack the Plaintiff's jaw.

14. The Plaintiff collapsed to the ground and while the Plaintiff was on the ground, the Defendant Police Officer bullied him, yelling "get on the mother f*ckin the ground."

15. The Defendant Police Officer hovered over the Plaintiff, taunted him again, saying "Get on the mother f*ckin the ground!" and struck the Plaintiff again in the cranium (despite the fact that the Plaintiff was already on the ground).

16. On or about September 30, 2017, and after the Defendant discovered the impending lawsuit, the Defendant found the Plaintiff in a local establishment and identified himself as a sworn police officer.

17. The Defendant threatened to "crack the Plaintiff's jaw again" until the Defendant was escorted out of the establishment.

18. As a result, Plaintiff required extensive medical care, and sustained significant injuries.

### 42 U.S.C. § 1983 - EXCESSIVE FORCE in
### Violation of Fourth and Fourteenth Amendment
### of the United States Constitution –
### (v. ADAM FEAMAN in his official and individual capacity)

19. At all times alleged herein, Defendant Police Officer was a uniformed police officer employed with the City of St. Louis and acting under color of law including by not limited to the Fourth and Fourteenth Amendment.

20. At all times alleged herein, Defendant City of St. Louis, by and through the St. Louis Police Department authorized, controlled, and maintained responsibility for Defendant Police Officer.

21. Defendant City of St. Louis defines impact weapons as a nightstick or baton. Flashlights are not authorized for use as impacts weapons.

22. Defendant, City of St. Louis, authorizes the use of impact weapons as non-deadly force to subdue or restrain an individual. Non-deadly force with an impact weapon must be used on the radial nerve, medial nerve, common peroneal nerve, and the femoral nerve. These nerves are generally located in joints, such as the arms and legs.

23. At all relevant times alleged herein, no citizen, officer, or bystander was in imminent fear for their life or serious bodily injury.

24. The Defendant Police Officer used objectively unreasonable force when Plaintiff did not pose an imminent threat of death or serious bodily injury to Defendant Police Officer or any other person.

25. The force used by the Defendant Adam Feaman was inappropriate, unwarranted and unjustified.

26. Defendant Adam Feaman illegally used his flashlight as an impact weapon in a deadly manner on the Plaintiff for the alleged violation of a city noise ordinance.

27. The underlying criminal allegations do not relate in any way to the use of deadly force by the Adam Feaman.

28. Defendant Adam Feaman did not need to strike the Plaintiff in the face to effectuate an arrest.

29. Defendant Adam Feaman did not need to strike the Plaintiff in the cranium as he was already on the ground.

30. No reasonable officer would have believed that deadly force via strikes to the head, or the use of a firearm was reasonable under the circumstances. In fact, while other officers pursued the Plaintiff, none used force that would cause death or serious bodily injury.

31. Defendant Adam Feaman, never provided any warnings that he would use deadly force.

32. The conduct of the Defendant, Adam Feaman constituted excessive force in violation of the Fourth Amendment of the United States Constitution, as incorporated into the Fourteenth Amendment of the United States Constitution.

33. As a direct and proximate cause of Defendants use of excessive force, the Plaintiff suffered severe injuries.

WHEREFORE, Plaintiff prays for compensatory damages, Plaintiff further prays for attorney's fees, and costs pursuant to 42 U.S.C. 1988, and any other relief this court deems reasonable and just.

Respectfully submitted,

The Legal Solution Group, LLC

By: Jermaine Wooten MO59338
Wootenjlaw1@aoL.com
4144 Lindell Suite 225
St. Louis, MO 63108
314-531-1708 Office


/s/Daniel A. Dailey, Esq.
Daniel A. Dailey
(*pro hac vice pending*)
**Kingdom Litigators, Inc.**
**A Public Interest Law Firm**
100 Crescent Court Ste. 700
Dallas, TX 75201
p: (214) 422-9350
ddailey@kingdomlitigators.com
IL Bar: 6312616

5