## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **JAMAL WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:18-CV-00518-NCC** |
| | ) | |
| **CITY OF ST. LOUIS and** | ) | |
| **ADAM FEAMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff Jamal White's ("Plaintiff") Motion to Dismiss
Complaint (Doc. 15). Defendants have filed a response (Doc. 16), Plaintiff has filed a reply
(Doc. 18), and, with leave of Court, Defendants have filed a sur-reply (Doc. 23). The parties
have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to
28 U.S.C. § 636(c)(1) (Doc. 12). For the following reasons, Plaintiff's Motion will be
**GRANTED, in part** and **DENIED, in part**.

## I. Background

On April 6, 2018, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against
Defendants the City of Saint Louis ("the City") and Adam Feaman ("Feaman"), in his individual
capacity and his official capacity for excessive force (Doc. 1). On June 5, 2018, Feaman, in his
individual capacity, filed an answer to the Complaint (Doc. 9) and the City and Feaman, in his
official capacity, filed a Motion to Dismiss (Doc. 10). Plaintiff requested, and was granted, an
extension of time until June 25, 2018 to file a response to Defendants' Motion to Dismiss (Doc.
14).

On June 25, 2018, Plaintiff filed his current Motion requesting the dismissal of his complaint against all defendants without prejudice (Doc. 15). Defendants do not object to the dismissal of either the City or Feaman, in his official capacity, but, rather, object to Plaintiff's request for dismissal of Feaman, in his individual capacity (Docs. 16, 23). Specifically, Defendants assert that, in light of the answer filed by Feaman in his individual capacity, Plaintiff's Motion should be considered pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 16). As such, in their response, Defendants indicate that Plaintiff has not provided a proper explanation for his desire to dismiss Feaman in his individual capacity (*Id.*). Defendants, for the first time in their sur-reply, also request costs and reasonable attorney's fees associated with defending this action if the Court were to grant Plaintiff's Motion (Doc. 23 at 3).

## II. Discussion

Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of actions by the plaintiff. Rule 41(a)(1)(A) contemplates those instances in which a court order is not required including, relevant to the current action, when a notice of dismissal is filed before the opposing party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). However, if Rule 41(a)(1)(A) does not apply then an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). The court must consider when deciding whether to allow a voluntary dismissal: (1) whether the party has presented a proper explanation for its desire to dismiss, (2) whether a dismissal would result in a waste of judicial time and effort, and (3) whether a dismissal will prejudice the defendants. *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013).

As a preliminary matter, pursuant to Rule 41(a)(1)(A) and with the consent of the parties, the Court will dismiss the City and Feaman in his official capacity from this action (Doc. 18 at 3; Doc. 23 at 1). As to Feaman in his individual capacity, the Court finds that Plaintiff's proposed

reason for dismissing Feaman in his individual capacity is improper. Here, as reason for his request, Plaintiff indicates that he believes the City will likely withdraw its representation from Feaman (Doc. 18 at 2). Plaintiff therefore asserts, without any reasoning, that as a result of the City's apparent abandonment, his "amended state law claims will likely outweigh Plaintiff's anchor federal claim" (*Id.* at 4). Plaintiff also argues that Feaman's decision to plead the Fifth during the deposition in an underlying state case has "chang[ed] the nature and scope of this litigation" (*Id.* at 5). Plaintiff further suggests that the City is abandoning Feaman in his individual capacity in the above-captioned case because defense counsel has filed an answer on behalf of Feaman in his individual capacity whereas he filed a Motion to Dismiss on behalf of Feaman in his official capacity and on behalf of the City (*Id.*). Defense counsel responded, clarifying the internal structure of the City Counselor's office and indicating that he, not the attorney present at the deposition in the related case, represents Feaman (Doc. 23 at 2). Defense counsel further represents to the Court that Plaintiff's counsel communicated to him that he "would re-file in state court to secure what Plaintiff considers a more favorable jury pool" (*Id.* at 2 n.2). Upon review of Plaintiff's stated basis for voluntary dismissal and Defendants' response thereto, the Court cannot discern a sufficient reason to warrant granting the voluntary dismissal. To the extent that Plaintiff appears to be forum shopping, this is not allowed. *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017) ("A plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum.").

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jamal White's Motion to Dismiss Complaint (Doc. 15) is **GRANTED, in part** and **DENIED, in part**. The City of St. Louis and Adam Feaman, in his official capacity, are hereby **DISMISSED, without prejudice** from this action.

**IT IS FURTHER ORDERED** that, in light of the voluntary dismissal of the City of St. Louis and Adam Feaman, in his official capacity, the Motion to Dismiss (Doc. 10) filed on behalf of the City and Feaman, in his official capacity, is **DENIED, as moot**.

A separate order of partial dismissal will accompany this order.

Dated this 23rd day of August, 2018.

　　　　　　　　　　　　　　　　　　　　 /s/ Noelle C. Collins　　　　　　　
　　　　　　　　　　　　　　　　NOELLE C. COLLINS
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE