UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMAL WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:18-CV-00518-NCC |
| ADAM FEAMAN,<br>in his individual capacity, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Adam Feaman's Motion to Stay Proceedings. (Doc. 32.) The motion has been briefed and is ready for disposition.[1] For the reasons set forth below, Defendant's Motion is **GRANTED, in part, and DENIED, in part.**

### I. Background

On April 6, 2018, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendant based on the use of excessive force.[2] (Doc. 1.) Defendant, a St. Louis Metropolitan Police Officer, sought to place Plaintiff under arrest on August 4, 2017. (*Id.* ¶ 7.) Plaintiff alleges he did not have a firearm or present any physical threat to Defendant. (*Id.* ¶ 10.) Plaintiff further alleges Defendant became enraged at Plaintiff, and while Plaintiff was moving backwards, Defendant used his flashlight to strike Plaintiff, cracking Plaintiff's jaw. (*Id.* ¶¶ 12-13.) In addition, Plaintiff alleges Defendant further bullied him and struck him again in the cranium while he was on the

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1). (Doc. 12.)

[2] Plaintiff also sued Defendant in his official capacity as well as the City of St. Louis. (Doc. 1.) The City of St. Louis and Adam Feaman, in his official capacity, were voluntarily dismissed without prejudice. (Docs. 15, 24, 25.)

ground.  (*Id.* ¶ 14.)  Moreover, Plaintiff alleges that after suit was filed, Defendant found Plaintiff in a local establishment, identified himself as a police officer, and threatened to "crack the Plaintiff's jaw again" until Defendant was escorted out of the establishment.  (*Id.* ¶ 16-17.)

Defendant was originally represented by the St. Louis City Counselor's office.  However, on August 22, 2018, a complaint was filed in the Twenty Second Judicial Circuit for the State of Missouri charging Defendant with one count of Assault in the Second Degree and one count of Armed Criminal Action (*Mo. v. Feaman*, Case No. 1822-CR02909).  (Docs 26, 32-1.)  As a result, the City Counselor's office moved to withdraw as counsel for Defendant on August 24, 2018.  (Doc. 26.)  That request to withdraw was conditionally granted.  (Doc. 28.)  Defendant subsequently secured current counsel, who filed the current Motion to Stay on October 9, 2018, in light of the pending criminal case against Defendant.  The Court held oral argument on the Motion on October 17, 2018, followed by a Rule 16 scheduling conference.  (Docs. 39, 40.)  In light of the arguments and other discussions at the scheduling conference, the Court thereafter ordered Plaintiff to submit supplemental briefing and ordered the parties to submit an amended joint scheduling plan.  (Doc. 41.)

Defendant seeks an indefinite stay pending final resolution of the pending state criminal proceedings.  (Doc. 32.)  Plaintiff contends that a stay is not warranted.  (Doc. 42.)  However, after discussions among counsel, the parties agree that discovery can be completed in phases, with some discovery temporarily stayed and other discovery proceeding immediately.  (Docs. 42, 43.)  Therefore, Plaintiff is amenable to a limited stay under certain conditions.  (Doc. 42.)

## II.  Discussion

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254–55. "Justice must be done in both criminal and civil litigation. The rights of a defendant in a criminal case must, of course, be protected. But this does not mandate a complete disregard for the rights of civil litigants." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973). Therefore, "[a] stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted." *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) (citation omitted). However, "a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." *Id*. It is thus permissible to conduct a civil proceeding at the same time as a related criminal proceeding. *See id.* It is also permissible for the trier of fact to draw an adverse inference from the invocation of the Fifth Amendment in the civil proceeding, so long as silence alone is not the sole basis for an adverse decision against one who refuses to testify. *Id.* at 823–24.

The decision whether or not to stay civil litigation in deference to parallel criminal proceedings is discretionary, requiring the Court to balance the nature and substantiality of the injustices claimed on either side. *Gen. Dynamics*, 481 F.2d at 1214–15. Although the Eighth Circuit has not specified a set of factors to analyze whether a stay is necessary in light of parallel criminal proceedings, district courts have generally considered the following factors, adopted by the Ninth Circuit: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and

criminal litigation. *Aviva Life & Annuity Co. v. Davis*, No. 4:12-CV-00603-JEG, 2014 WL 12366406, at *3-4 (S.D. Iowa July 29, 2014) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995)). Such factor tests "are not mechanical devices" and do not forego the need to engage in "a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.* at *4-5. To warrant a stay, a "defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege . . . or that the two trials will so overlap that effective defense of both is impossible." *Koester*, 11 F.3d at 823 (citations omitted).

Upon careful consideration of the factors, the Court concludes that a partial stay of the civil proceedings is warranted, as a majority of the factors weigh in favor of granting a limited stay. Moreover, since the instant Motion was filed, the parties have agreed to a limited stay with phased discovery, which will help protect both parties' competing interests.

*Plaintiff's Interests and Potential Prejudice of Delays*: Plaintiff has a legitimate interest in the expeditious resolution of his case. In fact, Plaintiff previously delayed filing the instant suit at the request of the City of St. Louis so that the City could have additional time to investigate the matter. (Doc. 42-1.) Plaintiff does not want to delay any longer. Defendant contends that while a trial date has not been set, the criminal case likely will go to trial within the next six months. (Doc. 33.) Plaintiff, though, correctly points out that despite the speedy trial rights applicable to criminal proceedings, such proceedings are sometimes anything but, as there could be continuances and appeals. (Doc. 42.) However, any such delays are speculative at this point. *Ruszczyk v. Noor*, No. 18-CV-2086 (PAM/TNL), 2018 WL 4759838, at *2-3 (D. Minn. Oct. 2, 2018) (despite possibility of delays in criminal proceedings, finding this factor did not weigh against stay given the substantial overlap between the section 1983 civil and criminal proceedings). Moreover, Plaintiff

is willing to compromise with a limited order to obtain discovery regarding the underlying City of St. Louis/St. Louis Metropolitan Police Department's training, policies, and practices relating to the use of force in this civil case. (Doc. 42.) Thus, any prejudice and delays Plaintiff would suffer will be mitigated by allowing some discovery to proceed.

*Burden on Defendant*: The Court finds that the substantial burden on Defendant weighs strongly in favor of a limited stay. Importantly, Defendant has been indicted, and "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *S.E.C. v. Gerhardt*, No. 4:07-CV-00270 JCH, 2007 WL 1452236, at *2 (E.D. Mo. May 15, 2007) (internal quotations and citations omitted) (granting stay pending conclusion of trial in criminal case). In his Motion, Defendant seeks to protect information gained in the civil case from disclosure to protect his Fifth Amendment rights against self-incrimination in his pending criminal case. Defendant's counsel in the criminal case is the same counsel representing Defendant in the instant civil action. Plaintiff does not dispute Defendant's contention that the criminal prosecution and civil claims arise out of the same facts and involve nearly identical issues and witnesses. *See, e.g.*, *Stroud v. St. Louis City Police Dep't*, No. 4:07-CV-359-SNLJ, 2009 WL 3617457, at *1 (E.D. Mo. Oct. 28, 2009) (granting stay pending final resolution of criminal case where pending criminal case arose from the same incident at issue in the civil section 1983 case based on excessive force and cases involved same issues and potential witnesses). Thus, under *Koester*, the Court finds Defendant has made a "strong showing" at this point that the actions are "so interrelated" that a limited stay of some discovery in this case is warranted. For example, the parties agree that oral testimony of Defendant will be stayed for a temporary period, which will help lessen the burden on Defendant.

*The Court's Interests*:  The Court concludes granting a stay will not unduly interfere with the management of its docket.  While a temporary stay might delay a final disposition in this case, the Court does not anticipate the stay will require any additional any additional resources on its behalf.  Moreover, the discovery obtained in the criminal proceedings may help streamline the civil proceedings.  *See*, *e.g.*, *Ruszczyk*, 2018 WL 4759838, at *5 (finding stay in case where there was substantial overlap between criminal proceedings and section 1983 civil claims against same Defendant would conserve judicial resources, would likely lead to relevant discovery for the civil proceeding, and could possibly simplify the issues or resolve liability questions in the civil proceedings.)  In addition, Plaintiff agrees that allowing limited discovery directed to the City of St. Louis to proceed will ensure efficiency with the Court's management of this case.  (Doc. 42.)  This factor, therefore, also weighs in favor of a stay.

*Non-Parties' and Public's Interests*:  The parties have not articulated any substantial interest non-parties might have in the outcome of this litigation.  Courts have recognized that the public has an interest in ensuring the criminal process is not subverted, even recognizing that the public's interest to the integrity of the criminal case may be entitled to precedence over the civil litigant.  *See*, *e.g.*, *State Farm Mut. Auto. Ins. Co. v. Healthcare Chiropractic Clinic, Inc.*, No. 15-CV-2527 (SRN/HB), 2016 WL 9307608, at *6 (D. Minn. Apr. 26, 2016) (ordering stay of depositions for limited time period based on overlap between civil and criminal proceedings); *Gerhardt*, 2007 WL 1452236, at *2.  On the other hand, however, the public certainly has an interest in the prompt resolution of this civil matter.  *See*, *e.g.*, *Ruszczyk*, 2018 WL 4759838, at *6 (noting "[f]ew disputes grab America's conscience, and indeed that of civil societies throughout the world, more than where there is a claim the very individuals or institutions people have mandated to use force when necessary to secure persons, rights and property [have exceeded] the

force necessary to uphold that mandate."). Overall, the Court finds these factors are neutral and do not weigh heavily in favor or against a stay.

Balancing the nature and substantiality of the injustices claimed on either side, the Court concludes that a complete stay of discovery until final disposition of the state criminal case is not warranted at this time. However, the Court will exercise its discretion and order a partial stay in these civil proceedings so that some discovery may proceed. The parties reached a compromise and submitted an Amended Joint Scheduling Proposal contemplating phased discovery, with some discovery stayed for a period of approximately six months until April 1, 2019. On April 1, 2019, the partial stay will be automatically lifted unless Defendant brings a new motion and can make a strong showing that developments in the criminal investigation require the stay be continued or modified. During the limited stay, the Court will require Defendant to regularly file reports on the status of the criminal proceedings. The Court will separately enter a Case Management Order reflecting the parties' compromise regarding phased discovery and a partial stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Proceedings (Doc. 32) is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that discovery will be completed in two phases, with certain discovery beginning immediately (Phase I) and certain discovery stayed until April 1, 2019 (Phase II), as reflected in the Case Management Order.

**IT IS FURTHER ORDERED** that Defendant shall, within 45 days of this Order and every 45 days thereafter during the partial stay, file a report with the Court regarding the status of the criminal proceedings.

**IT IS FINALLY ORDERED** that the partial stay shall be automatically lifted on April 1, 2019, and Phase II discovery shall begin unless the Court orders otherwise.

A separate Case Management Order will accompany this Order.

Dated this 7th day of November, 2018.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE