UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMAL WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-00518-NCC |
| ) | |
| ADAM FEAMAN, ) | |
| in his individual capacity, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of non-party Movant Craig Higgins to quash Plaintiff's subpoena seeking Movant's deposition testimony, filed on February 11, 2019 (Doc. 54). Plaintiff responded to the Motion on February 12, 2019 (Doc. 55), and Movant replied on February 13, 2019 (Doc. 58). Therefore, the Motion is ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Doc. 12). For the reasons set forth below, the Motion to Quash Subpoena to Craig Higgins is **DENIED**.

### I. Background

On April 6, 2018, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendant based on the use of excessive force (Doc. 1).[1] Defendant, a St. Louis Metropolitan Police Officer, sought to place Plaintiff under arrest on August 4, 2017 (*Id.* ¶ 7). Plaintiff alleges he did not have a firearm or present any physical threat to Defendant (*Id.* ¶ 10). Plaintiff further alleges Defendant

---

[1] Plaintiff also sued Defendant in his official capacity as well as the City of St. Louis (Doc. 1). The City of St. Louis and Adam Feaman, in his official capacity, were voluntarily dismissed without prejudice (Docs. 15, 24, 25).

became enraged at Plaintiff, and while Plaintiff was moving backwards, Defendant used his flashlight to strike Plaintiff, cracking Plaintiff's jaw (*Id.* ¶¶ 12-13).  In addition, Plaintiff alleges Defendant further bullied him and struck him again in the cranium while he was on the ground (*Id.* ¶ 14).  Moreover, Plaintiff alleges that after suit was filed, Defendant found Plaintiff in a local establishment, identified himself as a police officer, and threatened to "crack the Plaintiff's jaw again" until Defendant was escorted out of the establishment (*Id.* ¶ 16-17).

Plaintiff seeks third-party discovery, including the deposition of Movant (*see* Doc. 55). Movant filed this motion to quash, arguing the following:  (1) the subpoena was not properly served; (2) Movant's testimony is irrelevant to the claims of this lawsuit; (3) Plaintiff's counsel seeks Movant's deposition as pretext for early discovery in another federal case pending in the Eastern District of Missouri; and (4) to the extent Plaintiff seeks information regarding the Movant's duties and discretion as a municipal prosecutor, such information is protected under the doctrine of prosecutorial immunity (Doc. 54).[2]

## II.  DISCUSSION

**A.  Compliance with Local Rules**

As an initial matter, as Plaintiff notes and the Court agrees, Movant failed to comply with the Local Rules of this Court.  First, Local Rule 37 - 3.04, which specifically references motions to quash depositions, mandates that Movant's counsel include a statement in any motion relating to discovery and disclosure that Movant's counsel has conferred in person or by telephone with counsel in good faith; the statement must also recite specific information regarding those

---

[2]  New arguments raised by Movant in his reply will not be considered.  *See*, *e.g.*, *Fay Fish v. United States*, 748 F. App'x 91, 92 n.2 (8th Cir. 2019) (reply brief is "too late" to properly raise a new argument); *United States v. Morris*, 723 F.3d 934, 942 (8th Cir. 2013) (internal quotations and citations omitted) ("[W]e do not generally consider new arguments raised in a reply brief").

discussions or efforts. *See* E.D. Mo. L.R. 37 - 3.04(A). Not only does Movant fail to include the required statement in his Motion (*see* Doc. 54), but Movant concedes no efforts to confer were made (Doc. 58 at 2).[3] Therefore, the Court need not consider this Motion. *See* E.D. Mo. L.R. 37 - 3.04(A). Second, Local Rules mandate that a movant must file a memorandum in support of the motion. *See* E.D. Mo. L.R. 7 - 4.01. Movant's Motion largely amounts to a speaking motion, with little case law on some arguments and no case law on others (*See* Doc. 54). The Motion could be denied summarily on these bases alone. However, in the interests of justice and moving this case forward, the Court will address the substance of the arguments.

**B. Merits**

The scope of discovery for actions filed in federal court are set forth in Federal Rule of Civil Procedure 26(b)(1). That rule provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Among the factors for the Court to consider include the importance of the issues at stake in the action, the parties' relative access to information, and the importance of the discovery in resolving the issues. *Id*. In addition, Rule 45 states the Court is not required to quash a subpoena unless it:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

---

[3] Movant argues the failure to confer should not be fatal "because it is evident from the motions filed that the Court's involvement would have been necessary," which the Court finds to be an improper basis for failing to comply with the Local Rule (Doc. 58 at 2 n.1).

Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). A "'party seeking to quash a subpoena bears the burden to demonstrate that compliance would be unreasonable or oppressive.'" *Cody v. City of St. Louis*, No. 4:17-CV-2707-AGF, 2018 WL 5634010, at *3 (E.D. Mo. Oct. 31, 2018) (quoting *Enviropak Corp. v. Zenfinity Capital, LLC*, No. 4:14-CV-754-ERW, 2014 WL 4715384, at *3 (E.D. Mo. Sept. 22, 2014)). Courts have wide latitude in deciding motions to quash civil non-party subpoenas. *See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999); *Enterprise Holdings, Inc., v. McKinnon*, 4:14-MC-516-AGF, 2014 WL 5421224, at *1 (E.D. Mo. Oct. 23, 2014); *Futrell v. eRate Program, LLC*, No. 4:14-CV-2063-ERW, 2017 WL 5070532, at *2 (E.D. Mo. Nov. 3, 2017).

As a threshold matter, the Court finds that the discovery Plaintiff seeks through Movant's deposition is relevant to the underlying lawsuit.[4] While Movant argues his deposition testimony is irrelevant (Docs. 54 at 2; 58 at 1), "[t]he scope of discovery under Rule 26(b) is extremely broad." *Mills v. Liberty Mut. Ins. Co.*, No. 4:16-CV-571-JAR, 2017 WL 1497904, at *2 (E.D. Mo. Apr. 24, 2017). Based on the information provided to the Court in the briefing, Plaintiff seeks discovery of the Saint Louis Metropolitan Police Department's ("SLMPD") procedures, which Plaintiff references in his response to this Motion and attached in part to his Complaint (Docs. 1-1; 55 at

---

[4] Movant concedes in an affidavit attached to his Motion that he received notice of the deposition via inter-office mail within a few days of it being sent (*see* Doc. 54-2). While the Eighth Circuit has stated that service on a non-party by fax and regular mail does not satisfy the requirements of Rule 45, *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000), those are not the circumstances of this case. Plaintiff represents that service was made by personal delivery to Movant's employer (*see* Doc. 55). Rule 45(b)(1) allows for service by other than personal delivery, and "[w]hen a non-party is served, the method of service needs to be one that will ensure the subpoena is placed in the actual possession or control of the person to be served." *Firefighter's Inst. for Racial Equal.*, 220 F.3d at 903. Even assuming the subpoena was not properly served as Movant so argues, since Movant conceded the notice was placed in his actual possession and control within a relatively short time, the Court declines to quash the subpoena on this ground (*see* Doc. 58 at 1–2).

2).[5] Plaintiff cites an excerpt from a deposition in this matter of a SLMPD representative, during which the representative identified Movant as an individual having knowledge regarding such SLMPD policies (Doc. 55 at 5). Moreover, Movant has cited no authority in support of his argument in either the initial motion or reply. Therefore, the Court finds no sufficient basis to quash the subpoena based on relevancy.

Similarly, the Court finds no basis to quash the subpoena based on the circumstances delineated in Federal Rule of Civil Procedure 45(d)(3)(A). The Movant raises no arguments regarding timeliness, geographic limits, privilege, or undue burden in its Motion, and the Court finds no clear basis or authority in the documents submitted by Movant to substantiate arguments on those grounds (*see* Docs. 54, 58).

Furthermore, while Movant argues Plaintiff's counsel seeks this deposition as pretext for improper early discovery in another pending federal suit (Doc. 54 at 2), the Court finds that Movant's arguments are purely speculative and do not rise to a level sufficient to justify quashing the subpoena. Plaintiff's counsel recognizes there may be common questions of law and fact in the actions (Doc. 55 at 5 n.2), and the Court expects that counsel will refrain from inquiring into matters that are squarely related to the other pending litigation but wholly unrelated to this matter.

Finally, the Court finds the absolute immunity argument Movant raises does not justify quashing the subpoena (Doc. 54 at 3). Movant raises this potential blanket exception but cites no authority supporting the contention that this is a proper basis for quashing a non-party subpoena.

---

[5] While Movant argues that there are no allegations regarding municipal prosecutions or municipal charges in this case (Doc. 54 at 2), Plaintiff did allege that force was used against him for the alleged violation of a city ordinance (*see* Doc. 1 ¶ 26). Moreover, the Court takes judicial notice, from a search of publicly available Missouri court records, that Plaintiff was charged with resisting arrest in connection with the underlying incident leading to this § 1983 Complaint. *See City of St. Louis v. Jamal White*, Cause No. 1822-CR01451. *See also*, *e.g.*, *Winner Rd. Properties, LLC v. BMO Harris Bank, N.A.*, No. 4:16-CV-1395-CAS, 2017 WL 4310453, at *3 (E.D. Mo. Sept. 28, 2017) (taking note of publicly available state court file in federal action).

To the extent Movant's concerns materialize during the deposition, Movant may make appropriate objections. *See* Fed. R. Civ. P. 30(c)(2).

For these reasons, the Court finds Movant has not met his burden to justify quashing the subpoena for his deposition. The Court expects counsel will confer to find a mutually agreeable date in the near future for Movant's deposition.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Quash Subpoena to Craig Higgins (Doc. 54) is **DENIED**.

Dated this 15th day of February, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE